IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Luis Miguel Montoya Villagomez,  )<br>                                                      )<br>                        Petitioner,  )<br>                                                      )<br>vs.                                                )<br>                                                      )<br>Stevie Knight, Warden,                 )<br>                                                      )<br>                        Respondent.  )<br>_____)  | C/A No. 1:21-0309-MBS<br><br><br>**ORDER AND OPINION** |

Petitioner Luis Miguel Montoya Villagomez is a federal inmate who currently is housed at FPC-Estill in Estill, South Carolina. Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 1, 2021. At issue was the application of 18 U.S.C. § 3632 and related sections under the First Step Act of 2018 that provide a means for certain inmates to earn time credits toward their sentences. The Bureau of Prisons was allowed a phase-in period in which it was required to complete initial intake risk and needs assessments for every prisoner and then to develop programs and activities for which prisoners can obtain earned time credits. The Bureau of Prisons' deadline for implementing these provisions was January 15, 2022.

In his § 2241 petition, Petitioner asserted that he has accrued 365 days of earned time credits. According to Petitioner, application of 365 days of earned time credits to his sentence would entitle him to immediate transfer to pre-release status, to include placement in a residential reentry center or home confinement. Petitioner sought an order from the court directing the Bureau of Prisons to apply Petitioner's earned time credits to his sentence prior to the January 15, 2022 deadline. On December 17, 2021, the court issued an order determining that the discretionary language of § 3632(d)(4)(A) prohibited the court from directing the Bureau of Prisons to award Petitioner earned time credits before January 15, 2022.

This matter now is before the court on Petitioner's motion to alter or amend, which motion was filed on January 3, 2022. Respondent filed a response in opposition on January 18, 2022.

Courts interpreting Fed R. Civ. P. 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md.1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. Id. at 1082 (citing Atkins, 130 F.R.D. at 626). A motion to reconsider is appropriate when:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

DIRECTV, Inc. v. Hart, 315, 317 (E.D.N.C. 2004) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).

Petitioner asserts that he has exhausted his administrative remedies by filing Forms BP-8, BP-9, and BP-10. Petitioner argues that, because he has exhausted his administrative remedies, the court now should direct the Bureau of Prisons to credit him with 365 days toward his sentence. However, the court did not rest its decision on whether Petitioner had failed to exhaust his administrative remedies, and the fact that he now has filed Forms BP-8, BP-9, and BP-10 does not change the court's analysis. Moreover, Petitioner states the responses to his inquiries have been to the effect that staff is reviewing and calculating earned time credits and that he should continue to

2

work closely with his Unit Team for additional guidance. There is nothing in the record to suggest that Petitioner has wrongfully been denied earned time credits. To the extent Petitioner moves the court to reconsider its December 17, 2021 order in light of the expiration of the January 15, 2022 deadline, Petitioner's request is premature.

Petitioner has not demonstrated an intervening change in controlling law, new evidence not available at trial, or a clear error of law or manifest injustice. Petitioner's motion to alter or amend (ECF No. 36) is **denied**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 7, 2022